Bermes *v.* Frick.

---

## DANIEL BERMES

### *v.*

## PHILIP FRICK et al.

A bill filed by a surety against three of his four co-sureties on an official bond, for contribution, alleged that a judgment at law had been recovered against all of the sureties for a breach of the condition of the bond; that complainant had, after execution and levy on his property, paid the amount due thereon, and had taken an assignment of the judgment; that the principal has fled the state, and, as complainant is informed and believes, is not possessed of any property here; that one of the sureties is dead and has left no property; that complainant has applied to the three surviving co-sureties, Frick, Rehmer and Rooney, to pay him their equitable share of the judgment, which they have refused; that Frick has property, but not enough to pay complainant's equitable claim against him; that Rehmer and Rooney have conveyed away their property fraudulently in order to deprive complainant of his equitable right of contribution.    Rehmer and Rooney have answered, and on demurrer by Frick—*Held,* (1) That the allegations as to the principal's insolvency, and as to the complainant never having been re-imbursed by his co-sureties, are sufficient; and (2) that Frick cannot set up that the bill is multifarious as to Rehmer and Rooney's fraudulent conveyances and the discovery asked of them, because he is not required to answer those allegations.

---

Bill for relief.    On general demurrer by Frick.

*Mr. M. Bretzfeld,* for complainant.

*Messrs. McGill & Taylor,* for demurrant.

THE CHANCELLOR.

This suit is brought by Daniel Bermes, to compel contribution by certain persons, who were co-sureties with him in a bond for $25,000, given April 7th, 1879, by Charles Wurtz, as treasurer of the town of Union, in Hudson county, conditioned for his faithful performance of the duties of the office. The sureties were the complainant and John Kempel, William Rehmer, Philip Frick and Daniel J. Rooney. There was a breach or breaches of the condition, and suit was brought in the supreme court, on the bond, by the town, against the principal and sureties, and a judgment recovered therein for $10,778.30. Execution having been issued thereon, and levied on the complainant's property, he, in September, 1882, paid the amount due on it, and took an assignment of the judgment from the plaintiff therein. He files this bill against those of his co-sureties who are still alive, to compel contribution. He alleges that the principal has fled the state, and that he is informed, in such a way that he believes it to be true, that Wurtz is not possessed of any property here whereof the judgment, or any part of it, can be made. He states that Kempel, one of the sureties, is dead, and has left no property; that the complainant has applied to his other co-sureties, the defendants, Frick, Rehmer and Rooney, to pay him their equitable shares of the judgment debt, interest and costs paid by him, but they have refused; that Frick has property, but not enough to pay the amount of the complainant's equitable claim

NOTE.—Where the case against one defendant is so entire as to be incapable of being prosecuted in several suits, and yet another defendant is a necessary party in respect of a portion only of that case, *such other defendant* cannot object to the suit on the ground of multifariousness, *Attorney-General* v. *Poole, 4 Myl. & Cr. 17, 8 Cl. & Fin. 409 ;* [see *Pratt* v. *Keith, 10 Jur.* (*N. S.*) *305*] *; Campbell* v. *Mackay, 1 Myl. & Cr. 603 ; Salvidge* v. *Hyde, 5 Madd. 138 ; Hamp* v. *Robinson, 3 De G., J. & S. 97 ; Coates* v. *Legard, L. R.* (*19 Eq.*) *56 ; Woodward* v. *Hall, 2 Tenn. Ch. 164 ; Garner* v. *Neville, 35 Miss. 176 ; Richards* v. *Pierce, 52 Me. 560 ; Ragsdale* v. *Holmes, 1 Rich.* (*N. S.*) *91 ; Beatty* v. *Hinckley, 17 Blatchf. 393;* nor can the *first* defendant demur, *Manners* v. *Rowley, 10 Sim. 470 ; Butts* v. *Genung, 5 Paige 254;* see, further, *Boyd* v. *Hoyt, 5 Paige 65 ; Swift* v. *Eckford, 6 Paige 22 ; Vaughn* v. *Lovejoy, 34 Ala. 437 ; Bobb* v. *Bobb, 8 Mo. App. 257 ; Wood* v. *Olney, 7 Nev. 109.*

Bermes *v.* Frick.

against him ; that Rehmer, when he became surety, had certain real estate in the town of Union, described in the bill, but that he fraudulently, and to hinder, delay and defeat his creditors of their just claims, and especially the complainant of his claim for contribution, conveyed it away, in September, 1879, and the like allegations are made in regard to Rooney, who is said to have conveyed away property of his by deed dated in December, 1878 (which was before the bond was given), but not acknowledged or recorded until April 11th, 1879, four days after the giving of the bond. The bill charges that both Rehmer and Rooney have other property which they conceal, with intent to defraud the complainant out of the money they ought to contribute. Rehmer and Rooney have answered. Frick has filed a general demurrer. It is urged, in his behalf, that it does not sufficiently appear that the principal is insolvent. The bill states the fact that the principal has fled the state, and (substantially) that he has no property here, so far as the complainant can ascertain. This is sufficient.

It is also urged that it does not appear that the complainant has not been repaid the money he paid on the execution. He states that, under the pressure of an execution and levy, he paid the judgment, and that he has requested the defendants to pay their equitable shares, and that they have refused. The averment that the complainant has not been repaid, is not necessary. It would, perhaps, have been more exact pleading, to have made it, but the plain inference, from the language, is that the money

One defendant cannot demur for multifariousness, on the ground of the joinder of another defendant who does not object, *Roberts* v. *Roberts, 2 Phil. 534 ; Miller* v. *Jamison, 9 C. E. Gr. 41 ; Warthen* v. *Brantley, 5 Ga. 571 ; Bugbee* v. *Sargent, 23 Me. 269 ; Whitbeck* v. *Edgar, 2 Barb. Ch. 106 ; Cherry* v. *Monro, Id. 618 ; Crosby* v. *Berger, 4 Edw. Ch. 210 ; Barstow* v. *Smith, Walk. (Mich.) 394 ; Toulmin* v. *Hamilton, 7 Ala. 362 ; Gartland* v. *Dunn, 11 Ark. 720 ; Christian* v. *Crocker, 25 Ark. 327 ; Payne* v. *Berry, 3 Tenn. Ch. 154 ;* see *Great Western Co.* v. *Ætna Ins. Co., 40 Wis. 373 ; Barney* v. *Latham, 103 U. S. 215.*

As to the necessary averments in a bill in equity by a surety against his co-sureties for contribution, *Young* v. *Lyons, 8 Gill 162 ; Wayland* v. *Tucker, 4 Gratt. 267 ;* including an alleged fraudulent conveyance by them to escape liability, *Smith* v. *Rumsey, 33 Mich. 183.*—Rep.

has never been repaid.   Certainty to a common intent is enough in chancery pleading.

The demurrant also insists that the bill is multifarious, because of the allegations touching the conveyances by Rehmer and Rooney of their property, and the discovery which is sought as to them.   He is not required to answer those allegations, and will not be embarrassed or put to any trouble by the call for a discovery from Rehmer and Rooney.   This objection cannot be sustained.   The demurrer will be overruled, with costs.